IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TOMMIE LEE BROWN, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 06-2567-JDB/dkv |
| | ◊ | |
| CORRECTIONS CORPORATION OF AMERICA, | ◊ | |
| | ◊ | |
| Defendant. | ◊ | |

ORDER DIRECTING CLERK TO UPDATE PLAINTIFF'S ADDRESS
ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT
AND
ORDER DIRECTING PLAINTIFF TO RESPOND TO MOTION TO DISMISS

On January 5, 2007, the Court entered its judgment allowing the voluntary dismissal of Plaintiff, Tommie Lee Brown's, complaint without prejudice. On December 21, 2007, Plaintiff, who was released from custody in June of 2007, filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). The Clerk is ORDERED to update Plaintiff's address upon the docket as 3745 Wickcliff Lane, Memphis, TN 38118. Likewise, the Clerk shall delete all references to Brown's former attorney as Plaintiff is now proceeding pro se.

Brown provides a letter from his former attorney, dated June 18, 2007, which advised Plaintiff that his case was voluntarily dismissed "[d]ue to pending matters and our trial schedule" and

counsel's inability to continue with representation.  Plaintiff contends that he was unaware of the dismissal of his case until he received his attorney's letter.  Brown expresses his desire to proceed with his case against Defendant Corrections Corporation of America ("CCA").

Federal Rule Civ. P. 60(b) states, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . (6) any other reason justifying relief from the operation of the judgment. . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Plaintiff's motion appears to be brought under Rule 60(b)(1) and (6). The Court has reviewed the record before it.  Because the Court finds that he has stated sufficient grounds under Rule 60, Plaintiff's motion to reopen his case is GRANTED.

Before this case was voluntarily dismissed, Defendant CCA filed a motion to dismiss Plaintiff's complaint based upon the statute of limitations.  Brown had earlier received an extension of time to respond to the motion to dismiss, but subsequently, dismissed the case before responding.

Plaintiff is ORDERED to respond to the motion to dismiss within thirty (30) days of the entry of this order.  Failure to

2

timely respond to this order will result in the dismissal of the complaint in its entirety for failure to prosecute.[1]

IT IS SO ORDERED this 3rd day of January, 2008.

            s/ J. DANIEL BREEN
            UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is advised that counsel will not be appointed prior to the due date for Plaintiff's response or before the Court's ruling on the pending motion to dismiss. Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado v. Keohane, 992 F.2d 601 at 604-05 (6th Cir. 1993); Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law."). As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989). Plaintiff has not yet made this showing.